# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ESTATE OF ARMENTIA CHATMON, a/k/a ARMENTER CHATMON, p/k/a "BO CARTER" or "BO CHATMON" ))) | |
| Plaintiff, | |
| v. | No. 3:16-cv-02722 |
| | Judge Waverly Crenshaw |
| | Mag. Judge Barbara Holmes |
| WARNER MUSIC GROUP CORP., SONY/ATV MUSIC PUBLISHING, EMI MILLS MUSIC, INC., RHINO ENTERTAINMENT COMPANY, d/b/a RHINO RECORDS, VIACOM, INC., d/b/a VIACOM INTERNATIONAL, INC., FOLKWAYS MUSIC PUBLISHERS, INC., HAL LEONARD LLC, J.W. PEPPER & SONS, INC., ERIC CLAPTON, AND JOHN DOE NOS. 1-10. | |

## REPLY IN SUPPORT OF J.W. PEPPER & SON, INC.'S
## MOTION TO DISMISS UNDER RULES 12(b)(2) and 12(b)(3)

J.W. Pepper & Son, Inc.[1] ("Pepper") respectfully submits this Reply in support of its

Motion to Dismiss under Rules 12(b)(2) and 12(b)(3) (Docs. 49-50) and to address issues

raised in Plaintiff's Response (Doc. 54).

Contrary to Plaintiff's assertion, the three-part test of specific jurisdiction from the

seminal decision of Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th

Cir. 1968), is alive and well in Tennessee. In fact, this Court relied on it less than one month ago

in Bulso v. O'Shea, No. 3:16-cv-0040, 2017 WL 563940, at *2 (M.D. Tenn. Feb. 13, 2017)

(unpub'd) (Crenshaw, J.). And this Court routinely relies on it. See Up-Rite Systems, Inc. v.

Allender, No. 3:15-cv-710, 2016 WL 4702801, at *4 (M.D. Tenn. Sept. 8, 2016) (unpub'd)

---

[1] Improperly identified in the Caption and the Complaint as J.W. Pepper & Sons, Inc.

(Crenshaw, J.); In:cite Media, LLC v. Christmas of Light Productions, LLC, No. 3:16-cv-00629, 2016 WL 3384937, at *2 (M.D. Tenn. June 20, 2016) (unpub'd) (Crenshaw, J.).

Despite this Court's continued reliance on Mohasco, Plaintiff insists that, as of 1981, Mohasco is no longer controlling. See Plaintiff's Response (Doc. 54) at PID # 238. Relying instead on a 1981 decision from the Tennessee Court of Appeals, Plaintiff neglects to address, let alone rebut Pepper's position that its connection to Tennessee is not "substantial" (from the first prong of purposeful availment), as required under Walden v. Fiore, 571 U.S. __, 134 S. Ct. 1115, 1121 (2014). It is well accepted within the Sixth Circuit that "a non-moving party waives an argument by failing to address the argument in its response brief." Keys v. Dart Container Corp. of Kentucky, No. 1:08-CV-00138-JHM, 2012 WL 2681461, at *7 (W.D. Ky. July 6, 2012) (unpub'd); accord Sommer v. Davis, 317 F.3d 686, 691 (6th Cir. 2003) (holding party abandoned position by failing to present any argument on the subject in its brief). By failing to address Pepper's position on the "substantiality" factor, Plaintiff waived any objection.

Similarly, Plaintiff completely fails to address Pepper's position that the exercise of jurisdiction here would be unreasonable, as required under the third Mohasco factor. The only Declaration Plaintiff offers is from its counsel, not a fact witness, and Plaintiff's counsel does not offer any facts that contradict the Declaration of Lee Paynter, COO at Pepper, (Doc. 51). "Once challenged, the Plaintiff ha[s] the burden of making a prima facie showing that jurisdiction exist[s] through the production of affidavits and other written evidence." First Community Bank v. First Tenn. Bank, 489 S.W.3d 369, 402 (Tenn. 2015). Here, Plaintiff has failed to carry its burden. As a result, Mr. Paynter's Declaration stands unrefuted.

Plaintiff similarly failed to respond to Pepper's position that jurisdiction over Pepper would be unreasonable.  See e.g., Up-Rite, 2016 WL 4702801, at *5 (quoting Bird v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002) (noting several factors help determine whether jurisdiction would be reasonable, including "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies").  As Mr. Paynter's declaration shows, the burden of defending in this state would be high.  The only person connected to this dispute with a tie to Tennessee is Plaintiff's counsel.  Pennsylvania would be much more convenient for Pepper, whose witnesses and documents are all located near Philadelphia.  Under Keys and Sommer, Plaintiff waived any argument on the third Mohasco factor by failing to address it in its response brief.  For all these reasons, it would be unreasonable to exercise jurisdiction over Pepper.

For the same reasons, because personal jurisdiction is lacking over Pepper, venue here is also unreasonable.

Finally, Pepper notes that it would be amenable to jurisdiction and venue in the Eastern District of Pennsylvania.  While the Middle District of Tennessee soon will have only two District Judges and four Magistrate Judges, the website for the Eastern District of Pennsylvania shows that it has 20 District Judges, 12 Senior Judges and 11 Magistrate Judges.  A transfer to Pennsylvania would help alleviate the burden presently facing this District.

For the reasons stated above and in Pepper's Memorandum of Law (Doc. 50), the Court should dismiss the Complaint against Pepper for lack of personal jurisdiction and for improper venue.

{01513061.2 }

Respectfully submitted,

/s/ Stephen J. Zralek
Stephen J. Zralek, BPR No. 018971
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
615-238-6305 Telephone
615-687-2763 Facsimile
szralek@bonelaw.com

and

Elliott J. Stein, admitted *pro hac vice*
STEVENS & LEE, P.C.
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
609-987-7050Telephone
610-371-8506 Facsimile
EJS@stevenslee.com

*Counsel for Defendant J.W. Pepper & Son, Inc.*

{01513061.2 }

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document, on March 7, 2017, via ECF, on:

Barry Neil Shrum, Esq.
Shrum & Associates
144 2nd Avenue N. Ste 157
Nashville, TN  37201
Counsel *for Plaintiff*

Jonathan Zavin, Esq.
Wook Hwang, Esq.
Brittany A. Schaffer, Esq.
Loeb & Loeb, LLP
1906 Acklen Avenue
Nashville, TN 37212
*Counsel for Viacom, Inc.*

Karl M. Braun, Esq.
Hall Booth Smith, P.C.
424 Church Street, Suite 2950
Nashville, TN 37203

and

Paul Vincent LiCalsi, Esq.
Ofer Reger, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue
Suite 3400
New York, NY 10022
*Counsel for Folkways Music Publishers, Inc.*

/s/ Stephen J. Zralek

{01513061.2 }